### 33785. HEMPHILL v. TAFF.

HILL, Justice.

On September 5, 1977, Rutha Lee Hemphill filed a complaint in equity seeking temporary and permanent relief from Jimmy Taff's alleged continuous trespass upon a private road, called Trout Lane, in the Hiawassee Lake Estates subdivision. Plaintiff relied on her ownership of lot 58 on Trout Lane in that subdivision and the reciprocal restrictions contained within her deed and the recorded plat of survey. The applicable restriction states that "The boat launching road and all other roads shown (except for the County Road) are for the exclusive use of the owners of lots 1 through 60 shown hereon." Trout Lane is a deadend private road, not a boat launching road.

At the time suit was filed, defendant was the owner of a strip 2 feet by about 275 feet within the subdivision contiguous with and lying alongside the west side of Trout Lane, the strip being designated as "lot 61." Defendant began construction of a driveway from Trout Lane across his strip to the adjoining property which he owns, which is not part of the subdivision and which is referred to as the "Sims Property" on the plat of survey.[1]

---

[1]Although Trout Lane was the only means of

On September 6, 1977, the Superior Court of Towns County issued a temporary restraining order barring defendant's use of Trout Lane. Subsequent to the issuance of the temporary restraining order, defendant purchased lot 40 of the same subdivision. On September 30, 1977, upon a hearing of the case, the trial court ordered a preliminary injunction, restraining defendant from using Trout Lane for the purposes of ingress and egress to lot 61. Following a trial, both plaintiff and defendant moved for a directed verdict. The trial court denied the plaintiff's motion and granted the defendant's. Plaintiff appeals, enumerating as error the trial court's denial of her motion for partial summary judgment and her motion for directed verdict, and the trial court's grant of defendant's motion for directed verdict.

In ruling for the defendant, the trial court stated: "The Court hearing the evidence, finding that there is no issue as to the facts, found as a matter of law that the Defendant is owner of Lot 40 of Hiawassee Lake Estates, that as owner of Lot 40, the Defendant, as a matter of law, has a right to use the boat launching road and all other roads in Hiawassee Lake Estates as set out in the restrictions. That Trout Lane is one of the roads in Hiawassee Lake Estates, that Lot 61 is contiguous with and adjacent to Trout Lane. Therefore, the Defendant may use Trout Lane to gain access to Lot 61 and may cross Lot 61 to his property."

We affirm. In our view, the trial court has correctly interpreted the restriction and determined that as owner of lot 40 the defendant was entitled to use Trout Lane even

---

vehicular access to "lot 61" at the time of the original subdivision, Trout Lane is not the defendant's only means of access to the strip in that defendant's property, contiguous to the west side of "lot 61," known as the "Sims Property" borders upon a county road. Defendant's grantor and predecessor in title to lot 61 testified at trial that he had owned many lots within the Hiawassee Lake Estates subdivision including lot 61, and that he had used Trout Lane for access to lot 61 for over ten years. He also testified that he had never constructed any driveway or structure or made any improvements upon lot 61.

though lot 40 is not adjacent to Trout Lane. Code Ann. §§ 20-701, 20-702. Any other interpretation would limit the use of Trout Lane, and would exclude from Trout Lane the owners of lots 1-52 contrary to the intent of the developer and his grantees as stated in the restriction. Since lot 61 abuts Trout Lane, the defendant may proceed from Trout Lane to lot 61 and from lot 61 to the "Sims Property."

In view of this interpretation of the restriction, it is not necessary to consider now the other issues raised, such as easements appurtenant, easements by necessity, and adverse possession.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JULY 7, 1978 — DECIDED SEPTEMBER 6, 1978 — REHEARING DENIED SEPTEMBER 26, 1978.

*Lawrence S. Sorgen,* for appellant.
*Charles F. Cory,* for appellee.